OLIVER AMES 3d *vs.* WILLIAM KING.

A prayer in a bill in equity that the defendant make answer to the matters alleged therein is a good general interrogatory, and a sufficient compliance with the fourth chancery rule, requiring that bills in equity shall conclude with a general interrogatory, although it is coupled with a prayer for process, and is followed by a prayer for specific and general relief.

BILL IN EQUITY, praying for the reduction of certain dams, and concluding as follows :

" Wherefore the plaintiff prays that a subpœna be issued, and that the defendant be held to answer the matters hereinbefore alleged, the plaintiff hereby waiving the oath of the defendant to his answer to this bill of complaint. And the plaintiff prays your honors that it may be decreed by the court that said dams, marked respectively dam No. 1 and dam No. 3, shall be reduced to such a height as not to cause back water upon the plaintiff's lands and premises above, and that the defendant may be

restrained by a perpetual injunction from ever raising said dams beyond such height; and that it be referred to a master in chancery to ascertain and report how much said dams must be reduced, so as not to cause back water upon the lands and premises and privileges of the plaintiff, and also to ascertain and report the damages done to the plaintiff, and that the defendant be decreed to pay the same, and that the plaintiff may have such other and further relief in the premises as equity may seem to require."

The defendant demurred to the bill, assigning for cause " that said bill concludes neither with any specific interrogatories to this defendant, nor with any general interrogatory."

The case was reserved by *Chapman,* J. for the determination of the whole court.

*E. H. Bennett,* for the defendant. Is the prayer in the bill, " that a subpœna be issued, and that the defendant be held to answer to the matters hereinbefore alleged," a general interrogatory in any proper sense of that word ? Mitford Ch. Pl. (Amer. ed.) 50. Curtis Eq. Pl. 5. The clause quoted from the bill in this case is only the usual form of a prayer for process, a separate and distinct part of the bill. Welford Eq. Pl. (Amer. ed.) 108. Story Eq. Pl. 44.

*E. Ames,* for the plaintiff, cited *Methodist Episcopal Church* v. *Jaques,* 1 Johns. Ch. 74; Welford Eq. Pl. 104, 105; *Partridge* v. *Haycraft,* 11 Ves. 574; Mitford Ch. Pl. 50, 51.

BIGELOW, C. J. This demurrer cannot be supported. All that is requisite under our practice is, that a bill in equity shall conclude with the general interrogatory. IVth Chancery Rule. This does so conclude. The only just criticism which can be made on this part of the bill is, that the interrogatory or call to make answer is inartificially and awkwardly inserted, by being coupled in the same sentence with the prayer for process. But nevertheless it is substantially put in the clause which contains the prayer that " the defendant be held to answer the matters hereinbefore alleged." In the ancient forms, the interrogating part of the bill immediately preceded the prayer for process, and was inserted under the form of a prayer that the

party complained of might answer the matters. set out in the bill.  Story Eq. Pl. §§ 35, *note*, 38.  In the case at bar, the bill contains this prayer in a form more abbreviated than was formerly used, but sufficiently clear and explicit to leave nc doubt of the pleader's intention to require the answer of the defendant to the allegations of the bill.  The precedents cited by Mr. Ames in his carefully prepared brief show that a prayer that the defendant make answer to the matters alleged is a good general interrogatory.

*Demurrer overruled with costs.*